Bockes, J.
The action was brought to recover for work, labor and services performed by the plaintiffs for defendant, at her request, as architects: also for damages for an alleged breach of contract made by them with her, in their profession as architects, by which she employed them to prepare and complete plans, details and specifications for a dwelling house to be erected for her, and to obtain estimates and let the contract therefor and superintend its erection and completion, at an agreed price of five per cent upon its estimated cost. The referee, to whom the case was referred to hear and determine, found that the defendant employed the plaintiffs to prepare and complete for her preliminary studies or sketches for a dwelling house, and that they did com *109 píete and furnish such studies and sketches to ner; and further that those services were of the value of $1G7.50. Pausing here, it may be stated that we are of the opinion that the evidence fully sustains these conclusions of the referee, and we find no reason for disturbing the judgment as regards this branch of the case. True, the appellant’s counsel urges that these findings are not within the allegations of the complaint, but they áre the result of the matters stated therein, and if not strictly in accordance with them in all respects, an amendment of the pleading should now be permitted to meet and answer the ends of justice and right.
The difficulty in the case grows out of the other findings of the referee on which an additional sum of $250 as damages was included in the recovery. The referee finds that following the performance and acceptance of the services above considered, the parties entered into an agreement whereby the defendant engaged the plaintiffs to prepare and complete for her, plans, details and specifications for a house to foe erected for her, and to obtain estimates therefor and to let the contracts for the same; and that two days thereafter she elected to, and did terminate the contract and discharged the plaintiffs from her employment. Prospective damages or rather the estimated profits to the plaintiffs because of the contract were allowed them to the extent of $250. How, there is no finding as to the amount or sum agreed to be paid to the plaintiffs for the performance by them of this alleged contract; nor indeed does it appear either from the findings of the referee or the proofs in the case that anything whatever was done by the plaintiffs under or in performance of the contract, nor is there to be found in the record any specific and exact data from which the amount or sum to be paid the plaintiffs can with entire accuracy and certainty be' determined. There is consequently nothing in the record on which to base the allowance of $250 as prospective damages to the plaintiffs because of the contract and its alleged breach, or as net profits to them had they been permitted to perform the services in contemplation. In point of fact the evidence fails to show a perfected contract between the parties, complete in detail as to its material parts. The conversation between the parties, to which the referee has given force and made effectual as showing a complete and binding agreement, plainly contemplated many details not yet settled on and determined. Plans and drawings with accurate and definite specifications, were evidently yet to be made and considered before any final and binding agreement between the plaintiffs as architects, and the defendant could well be entered into, containing the necessary details for an absolute, definite and specific agreement of the nature and import of that here relied upon for a recovery. The proof shows that the subject was yet inchoate: nothing was yet absolutely certain in detail; all was yet matter in contemplation and unsettled. Of course the plaintiffs were en *110 titled to just and fair remuneration for their services performed for the defendant and accepted by her, to be measured by a quantum meruit. According to the proof now before us, and as found by the referee, this amount was $167.50. As the case is here made, this sum, and this sum only, are the plaintiffs entitled to recover.
It is urged by the appellant’s counsel that there was error in the admission of evidence upon which the referee made his estimate of damages, by way of profits, because of the breach of the alleged agreement; and in the mode adopted by that officer in estimating such damage or profits. The conclusion above reached by us renders an examination of those questions unnecessary.
We are of the opinion that the judgment must be reversed and a new trial be granted unless the plaintiff shall consent to a modification of the judgment by deducting therefrom $250; in which case the judgment as so modified should be affirmed, without costs of appeal to either party.